The offense is selling whisky in a "dry area"; the punishment, a fine of $150.

The complaint and information are deemed sufficient.

The proof on the part of the State was to the effect that appellant sold one-half pint of whisky to R. I. Deckert. Testifying in his own behalf, appellant denied making the sale.

There is no evidence in the record in support of the averments in the complaint and information that a local option election had been held in Scurry county; that said election had resulted in the prohibition of the sale of intoxicating liquor; and that the result had been duly declared and published by the commissioners' court. Appellant's contention that, in the absence of such proof, the evidence is insufficient to support the conviction must be sustained. See Oscar Humphreys v. State (Tex.Com.App.) 99 S.W.(2d) 600, delivered December 9, 1936.

The judgment is reversed and the cause remanded.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## TOMLIN v. STATE.

### No. 18718.

Court of Criminal Appeals of Texas.
Jan. 20, 1937.

J. M. Parker, of Gorman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Appellant was convicted under an indictment charging him with theft of cattle, and his punishment assessed at two years in the penitentiary.

No statement of facts accompanies the record.

We find in the transcript the verdict of a jury finding appellant guilty and assessing the punishment heretofore indicated. So far as the transcript shows, no judgment was ever entered on the verdict. Neither does it show that sentence was ever pronounced against appellant.

Under the record now before us, it is imperative that the appeal be dismissed, and it is so ordered.